## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Craig Sanders, | ) |
| Plaintiff, | ) No. |
| v. | ) |
| RUI CREDIT SERVICES, INC. | ) |
| Defendant. | ) Jury Demanded |

Plaintiff, Craig Sanders, brings this action for a finding that Defendant, RUI CREDIT SERVICES, INC. (hereafter "RUI"), violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et ., and for the recovery of damages, costs and attorney's fees for such violations. Plaintiff alleges:

### PREAMBLE

1. The United States Congress has found abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors, contributing to personal bankruptcies, marital instability, loss of jobs, and invasions of privacy. *(see* 15 U.S.C.A. §1692[a].)

2. In response thereto, Congress enacted the Fair Debt Collection Practices Act ("FDCPA"), codified as 15 U.S.C.A. §§ 1692 etal., the purpose of which is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *(see* 15 U.S.C.A §1692[e].)

3. Any debt collector who fails to comply with any provision of the FDCPA with respect to any person is liable to such person for any actual damages sustained by such person as a result of such failure *(see* 15 U.S.C.A §1692k[a][l]), as well as statutory damages up to one thousand dollars ($1,000.00.)  *(see* 15 U.S.C.A §1692k[a][2][A].)

4. Additionally, in the case of any successful action to enforce the foregoing liability, the debt collector is also liable for the costs of the action, together with a reasonable attorney's fee as determined by the court. *(see* 15 U.S.C.A §1692k[a][3].)

5. Plaintiff, Craig Sanders, brings this action against Defendant, RUI, for a finding that Defendant violated the FDCPA, and for the recovery of damages, costs and attorney's fees for such violations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 15 U.S.C.A §1692k(d) and 28 U.S.C. §1331.

7. This Court is the proper venue pursuant to 28 U.S.C.A. §1391 because Defendant does business in this Judicial District, or because a substantial part of the events giving rise to the claim occurred in this Judicial District.

## PARTIES

8. Plaintiff, Craig Sanders, is a natural person who resides in Nassau County, New York.

9. Defendant, RUI, is a limited partnership with a principal place of business in Melville, New York.

10. Plaintiff, Craig Sanders, is a "consumer" as defined by 15 U.S.C.A. §1692a(3), in that Plaintiff is a natural person obligated or allegedly obligated to pay any debt.

11. Defendant, RUI, is a "debt collector" as defined by 15 U.S.C.A. §1692a(6), in that Defendant uses an instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts.

## FACTUAL ALLEGATIONS

12. Plaintiff is alleged to have incurred a "consumer debt," as defined by 15 U.S.C.A. §1692a(5) with RUI's client, "LIPA."

13. Sometime thereafter, Plaintiff allegedly fell behind in payments allegedly owed on the alleged debt.

14. On a date unknown to Plaintiff, but after the date Plaintiff allegedly failed to make payment on the alleged debt, it was purportedly placed with or otherwise transferred to Defendant, RUI, for collection purposes.

15. Defendant sent Plaintiff, Craig Sanders a collection letters dated January 21, 2014. The letter includes the "debt validation notice" on the back of the letter under a list of notices for other states.

16. The January 21, 2014 letter states that the "Account Balance" is $704.79 and identifies their client, but not a current creditor to whom the debt is owed.

17. Defendant then sent Plaintiff, Craig Sanders, a collection letter dated February 28, 2014, attempting to collect the alleged debt. The letter includes the "debt validation notice" on the back of the letter under a list of notices for other states.

18. The February 28, 2014 letter states that the "Account Balance" is $704.79 and identifies their Client, but not a current creditor to whom the debt is owed.

19. Defendant, RUI, dialed Plaintiff, Craig Sanders, cellular phone on separate

occasions. The calls were made on February 7, 2014, March 4, 2014, and March 19, 2014. In addition, many of the calls made on these dates were by an automated dialer.

20. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard *(see Easterling v. Collecto, Inc.,* 692 F.3d 229 [2d Cir 2012].)

21. All of the collection actions at issue occurred within one year of the date of this complaint.

22. By this conduct, Defendant violated certain provisions of the FDCPA and TCPA, as set forth below.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C.A. §1692e- False, Misleading or Deceptive Representations

23. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

24. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, without limiting the general application of the Section, inter alia: The false representation of the character, amount or legal status of any debt; the false representation or implication that any

individual is an attorney or that any communication is from an attorney; the threat to take any action that cannot legally be taken or that is not intended to be taken; the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector. (15 U.S.C.A. §1692e.)

25. The collection letters dated January 21, 2014 and February 28, 2014 never clearly indicates if the monies are owed directly to RUI or RUI's "client." These letters would leave anyone, let alone the least sophisticated consumer, confused as to who the monies are allegedly owed to.

26. Defendants' acts, as described herein, constitute violations of 15 U.S.C.A. §1692e, and render Defendants liable to Plaintiff for damages, costs and reasonable attorney's fees pursuant to 15 U.S.C.A. §1692k.

### COUNT II
### Violation of 47 U.S.C. 227 et seq.- Telephone Protection Act

27. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

28. Defendant called plaintiff's cellular phone, using an autodialer, on three separate occasions. The dates of said telephone calls were February 7, 2014, March 4, 2014, and March 19, 2014.

29. Defendant's violations of 47 U.S.C. 227 (b)(1) render Defendants liable to Plaintiff for damages, costs and reasonable attorney's fees pursuant to 47 U.S.C. 227 (c)(5).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

- Actual damages pursuant to 15 U.S.C.A. §1692k(a)(l) in an amount to be determined at trial;

- Statutory damages of $1,000.00 pursuant to 15 U.S.C.A. §1692k(a)(2)(A);
- Actual damages pursuant to 47 U.S.C. 227 in an amount to be determined at trial;
- Statutory damages of $500.00 for each violation pursuant to 47 U.S.C. 227(c)(5);
- Treble damages of $1500.00 for each violation pursuant to 47 U.S.C. 227(c)(5); and
- Litigation costs together with a reasonable attorney's fee as determined by the Court pursuant to 15 U.S.C.A. § 1692k(a)(3).

### JURY DEMAND

Plaintiff, Craig Sanders, demands a trial by jury.

Dated: November 5, 2014

By: /s/ Angelo F. Rizzo
Attorneys for:
Craig B. Sanders
Angelo F. Rizzo, Esq.
Rizzo Law Group
100 Garden City Plaza
Suite 500
Garden City, New York 11530